**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| WILLIAM P. CATANIA | ) | CASE NO. |
| 6509 MARSOL ROAD | ) | |
| BUILDING 5 # 727 | ) | JUDGE |
| MAYFIELD HTS., OH 44124 | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| vs. | ) | |
|  | ) | **COMPLAINT** |
| EARTH FARE, INC. | ) | |
| 33321 AURORA ROAD | ) | |
| SOLON, OH 44139 | ) | (Jury demand endorsed herein) |
|  | ) | |
| Defendant. | ) | |

Plaintiff William P. Catania for his Complaint against Defendant Earth Fare, Inc. ("Defendant"), states and alleges the following:

1

## PARTIES

1. Defendant is a corporation doing business in the Northern District of Ohio and is an employer as defined by 42 U.S.C. § 12101 *et seq*. and R.C. § 4112.01.

2. Plaintiff resides in the Northern District of Ohio and, at all relevant times, was Defendant's employee.

## JURISDICTION AND VENUE

3. This is a suit to obtain relief for violations of the American with Disabilities Act ("ADA"), 29 U.S.C. § 12101 *et seq*., and O.R.C. § 4112.02(A).

4. This Court has subject matter jurisdiction of this action under, without limitation, 28 U.S.C. § 1331 (federal question) as a civil action arising under the ADA.

5. This Court has supplemental jurisdiction of the state law claims raised hereunder, without limitation, 28 U.S.C. § 1367, as such claims relate to the federal claims that form a part of the same case.

6. Venue is proper in this district pursuant to, without limitation, 28 U.S.C. § 391(b)(c) because the events, conduct, omissions, and intended harm giving rise to the claims occurred in the Northern District of Ohio.

## FACTS

7. Defendant operates full service grocery stores located, among other places, in Northeast Ohio. In or around February 2010, Defendant hired Plaintiff as a Kitchen Manager. Plaintiff was thereafter promoted to Assistant Food Service Manager and promoted again to Food Service Manager and he remained in that position until his employment was terminated on

May 20, 2013. At the time of his termination, Plaintiff was employed in Defendant's Solon, Ohio store.

8. Plaintiff was an excellent employee as documented by his promotions, regular raises in salary and lack of any negative performance evaluations. Before arriving at the Solon store, Plaintiff had not been written up and his performance had been consistently praised.

9. Plaintiff has Attention Deficit Disorder ("ADD") for which he takes medication and is under continuing doctor's care and is a qualified individual with a disability pursuant to the ADA and O.R.C. § 4112.02.

10. Plaintiff was transferred to work at the Solon store in April 2013 which store opened on May 8, 2013. Plaintiff's alleged performance problems with Defendant began after he disclosed to Solon management that he suffered from ADD. After that disclosure and within less than a month, Plaintiff was disciplined, nit-picked and ultimately terminated for pretextual reasons.

11. Plaintiff was given the job duty of creating the work schedule for his department and allotted only a very short period of time to perform this task. To assist him cope with his disability, Plaintiff made lists of work status items and prepared staffing schedule spreadsheets while at home. These items could not be done at work because Defendant allotted Plaintiff insufficient time to do this. Visual aids are effective for individuals suffering from ADD. When Defendant's management found out about these lists and asked Plaintiff why he was doing this, Plaintiff informed the Store Manager that he had ADD and requested an accommodation that he be permitted to use his spreadsheets and be given sufficient time at work to prepare the schedules. Instead of simply accommodating Plaintiff or initiating the interactive process, Defendant wrote Plaintiff up for working at home among other things and threatened him with

3

termination. Defendant's Store Manager's response when Plaintiff informed him of his ADD condition was: "What the hell does that have to do with anything."

12. As other Management employees were not required to prepare staff schedules and it was not Plaintiff's primary job duty, Defendant easily could have accommodated Plaintiff by allowing him time at work to prepare the schedules, allowing him to use the visual aids that made his job easier and/or assigning this job task to other employees as Defendant did with its other Management employees.

13. As the ADA expressly provides for the initiation of the interactive process and the obligation to reasonably accommodate disabilities, Plaintiff's discipline and discharge is a violation of law.

14. Shortly before he was terminated, Plaintiff was told by his supervisor that he could be "fixed" – a direct reference to Plaintiff's ADD condition. On or about May 20, 2013, Plaintiff was terminated for pretextual reasons.

15. Plaintiff filed a Charge of Discrimination with the EEOC and received a Notice of Right to Sue dated July 24, 2013.

16. Defendant's actions as set forth above were a pretext for unlawful discrimination and/or constitute wrongful termination in violation of the ADA and state law.

## COUNT ONE
### (WRONFUL TERMINATION)

17. Plaintiff re-alleges and incorporates by reference all of the allegations contained in paragraphs 1 through 16 as if fully rewritten herein.

18. Plaintiff is a member of a protected class because he is a qualified individual with a disability pursuant to the ADA.

19. Plaintiff is and was qualified for the Food Service Manager position he held at the time his employment was terminated.

20. Defendant took adverse employment actions against Plaintiff by, without limitation, terminating his employment.

21. Defendant discharged Plaintiff because of his disability in violation of the ADA.

22. Defendant's actions as described hereinabove violate, among other things, 42 U.S.C. § 1112 (a) which prohibits discharge of employees because of their disability.

23. Defendant acted with malice and/or with reckless indifference to Plaintiff's rights, and for such willful conduct, Defendant is liable for punitive damages.

24. As a direct and proximate result of Defendant's conduct as set forth above, Plaintiff has suffered damages, including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income and other benefits to which he is entitled, in an amount to be determined at trial.

## COUNT TWO
## (DISCRIMINATION)

25. Plaintiff re-alleges and incorporates by reference all of the allegations contained in paragraphs 1 through 24 as if fully rewritten herein.

26. Plaintiff is a member of a protected class because he is a qualified individual with a disability pursuant to the ADA.

27. Plaintiff is and was qualified for the Food Service Manager position he held at the time his employment was terminated.

28. Defendant discriminated against Plaintiff by, and among other things, failing to accommodate Plaintiff's disability and terminating Plaintiff's employment under pretextual reasons.

29. Defendant's actions as described hereinabove violate, among other things, 42 U.S.C. § 1112 (a) which prohibits discrimination against employees because of their disability and requires that Defendant make reasonable accommodations to Plaintiff, who is a qualified individual with a disability.

30. Defendant acted with malice and/or with reckless indifference to Plaintiff's rights, and for such willful conduct, Defendant is liable for punitive damages.

31. As a direct and proximate result of Defendant's conduct as set forth above, Plaintiff has suffered damages, including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income and other benefits to which he is entitled, in an amount to be determined at trial.

## **COUNT THREE**
**(Wrongful Discharge in Violation of O.R.C. 4112.02)**

32. Plaintiff re-alleges and incorporates by reference all of the allegations contained in paragraphs 1 through 31 as if fully rewritten herein.

33. Plaintiff is a member of a protected class because he is disabled pursuant to O.R.C. § 4112.02.

34. Plaintiff is and was qualified for the Food Service Manager position he held at the time his employment was terminated.

35. Defendant took adverse employment actions against Plaintiff by, without limitation, terminating his employment.

36. Defendant discharged Plaintiff because of his disability in violation of state law.

37. Defendant's actions as described hereinabove violate O.R.C. § 4112.02 which states, "[i]t shall be an unlawful discriminatory practice: (A) For any employer, because of

6

…disability…to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

38. Defendant acted with malice and/or with reckless indifference to Plaintiff's rights, and for such willful conduct, Defendant is liable for punitive damages.

39. As a direct and proximate result of Defendant's conduct as set forth above, Plaintiff has suffered damages, including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income and other benefits to which he is entitled, in an amount to be determined at trial.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following:

1. Compensatory damages;

2. Punitive and/or exemplary damages;

3. Pre and post judgment interest;

4. Attorneys' fees;

5. Costs; and

6. Such other and further relief as the Court may determine.

        Respectfully submitted,

        /s/ Daniel D. Domozick
        _____
        DANIEL D. DOMOZICK (0025040)
        24400 Chagrin Boulevard, Suite 300
        Beachwood, OH 44122
        Ph: (216) 586-6020
        Fax: (216) 586-6021
        E-Mail: ddomozick@domolaw.net
        Attorney for Plaintiff

## JURY DEMAND

Plaintiff demands, pursuant to Rule 38 of the Federal Rules of Civil Procedure, a trial by jury for all issues so triable.

/s/ Daniel D. Domozick

---
DANIEL D. DOMOZICK (0025040)

Attorney for Plaintiff