IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIAM P. CATANIA | ) CASE NO. 1:13 CV 01786 |
| Plaintiff, | ) JUDGE: DAN AARON POLSTER |
| vs. | ) |
| EARTH FARE, INC. | ) |
| Defendant. | ) PLAINTIFF'S INITIAL DISCLOSURES |

Plaintiff William P. Catania in accordance with Rule 26 of the Federal Rules of Civil Procedure, discloses and states as follows:

**(A)** **Individuals Likely To Have Discoverable Information Relevant To Disputed Facts Alleged With Particularity In The Pleadings.**

The following individuals may be contacted only through undersigned counsel for Plaintiff:

1. Plaintiff William P. Catania – allegations in the Complaint and damages.

2. Marcie Catania- allegations in the Complaint and damages.

The following individuals who are current or former employees of Defendant or third parties who may also have discoverable information:

3. Mark Osborne - allegations in the Complaint, including different treatment of Plaintiff, failure to initiate and/or engage in interactive process, discipline of Plaintiff, and Plaintiff's termination.

4. James Brown - allegations in the Complaint, including different treatment of Plaintiff, failure to initiate and/or engage in interactive process, discipline of Plaintiff and Plaintiff's termination

5. Brian Parker- allegations in the Complaint, including different treatment of Plaintiff, failure to initiate and/or engage in interactive process, discipline of Plaintiff and Plaintiff's termination.

6. Terrance Bragg - allegations in the Complaint, including different treatment of Plaintiff, failure to initiate and/or engage in interactive process, discipline of Plaintiff and Plaintiff's termination.

7. Chris Kershaw - allegations in the Complaint, including different treatment of Plaintiff, failure to initiate and/or engage in interactive process, discipline of Plaintiff and Plaintiff's termination.

8. Sara Wank- allegations in the Complaint, including different treatment of Plaintiff and Plaintiff's performance.

9. Antonietta Crimi- allegations in the Complaint, including different treatment of Plaintiff and Plaintiff's performance.

10. Mike Wemos - allegations in the Complaint, including different treatment of Plaintiff and Plaintiff's performance.

11. Anita Adams - allegations in the Complaint, including different treatment of Plaintiff and Plaintiff's performance.

12. Doug Scott - allegations in the Complaint, including different treatment of Plaintiff and Plaintiff's performance.

13. Unknown current or former employees of Defendant who may have knowledge of the allegations in the Complaint.

This may not reflect a complete list of all individuals likely to have discoverable information that Plaintiff may use to support his claims or defenses, as discovery in this matter has not yet commenced. In addition, Plaintiff believes that there are individuals, presently unknown, who are employed by or associated with Defendant, Plaintiff's former employer, that are likely to have discoverable information. Identification of any experts will be provided as scheduled by the Court. This disclosure list will be supplemented in accordance with the Federal Rules of Civil Procedure and as directed by the Court.

**(B)** **Description By Category And Location Of All Documents, Etc. In The Possession, Custody Or Control Of Plaintiff.**

The following categories of documents are in the possession of Plaintiff's counsel at his office in Beachwood, Ohio:

1. Limited documents concerning Plaintiff's wages during Plaintiff's employment with Defendant and miscellaneous documents related to his employment with Defendant;

2. Limited documents concerning Plaintiff's current wages and benefits with his current employer;

3. Miscellaneous documents (e.g. EEOC Complaint, Notice of Suit Rights and residential home purchase agreement) related to issues raised in the Complaint.

This may not reflect a complete list of all documents that Plaintiff may use to support his claims or defenses, as discovery in this matter has not yet commenced. This disclosure list will be supplemented in accordance with the Federal Rules of Civil Procedure and as directed by the Court.

**(C)** **Computation of Damages**.

Plaintiff has not computed his damages because his damages are continuing. Plaintiff is seeking: 1) compensatory damages, including damages for the loss of a home under residential

purchase agreement; 2) lost wages and benefits; 3) front pay for wages and/or benefits in lieu of reinstatement; 4) punitive damages to the extent permitted by law; 5) recovery of litigation costs and expenses and interest, including without limitation, reasonable attorneys' fees; and 6) any additional relief as justice so requires.

**(D)** <u>**Insurance Agreements.**</u>

Not applicable.

Respectfully submitted,

/s/ Daniel D. Domozick
DANIEL D. DOMOZICK (0025040)
24400 Chagrin Boulevard, Suite 300
Beachwood, OH 44122
Ph: (216) 586-6020
Fax: (216) 586-6021
Email: ddomozick@domolaw.net
Attorney for Plaintiff William P. Catania

**CERTIFICATE OF SERVICE**

A true and correct copy of Plaintiff's Initial Disclosures was filed electronically on September 23, 2013, in accordance with the Court's Electronic Filing Guidelines. Notice of this filing will be sent to all parties via the Court's Electronic Filing System. Parties may access this filing through the Court's system.

/s/ Daniel D. Domozick
Attorney for Plaintiff